UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNY LEROY FUTCH,

    Plaintiff,

v.                                  CAUSE NO.: 3:18-CV-462-RLM-MGG

D. WALLER, et al.,

    Defendants.

OPINION AND ORDER

Kenny Leroy Futch, a prisoner without a lawyer, filed a complaint against Sergeant D. Waller, Sergeant Burton, and Officer Prait. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, under 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Futch alleges that, on November 11, 2017, Sergeant Waller ordered some of the inmates standing in the dining hall line to move to the back of the line. When Mr. Futch didn't comply, Sergeant Waller deployed his canine unit onto a table near Mr. Futch. After seeing Mr. Futch's reaction to

the canine unit, Sergeant Waller and Sergeant Burton applied pepper spray to Mr. Futch's face. Mr. Futch was issued a disciplinary ticket for engaging in threatening behavior. Officer Prait presided over Mr. Futch's disciplinary hearing. During the hearing, Officer Prait treated Mr. Futch unfairly and found him guilty of the offense, which resulted in the loss of good time credit.

Mr. Futch alleges an Eighth Amendment claim of excessive force against Sergeant Waller and Sergeant Burton. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id. According to Mr. Futch, Sergeant Waller and Sergeant Burton had no legitimate reason to use force against him. The complaint plausibly states an Eighth Amendment claim of excessive force against Sergeants Waller and Burton.

Mr. Futch also alleges Sergeant Waller intentionally caused the events in the dining hall as a retaliatory measure. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012). Mr. Futch doesn't

2

identify any First Amendment activity that could have motivated Sergeant Waller to retaliate against him. As a result, he cannot proceed on a claim of First Amendment retaliation.

Mr. Futch also asserts that Officer Prait deprived him of procedural due process during a disciplinary hearing. However, "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997). This rule also extends to claims challenging the loss of good time credit in prison disciplinary actions. Id. at 648. Mr. Futch admits that he was found guilty of engaging in threatening behavior and doesn't allege that the finding of guilt has since been invalidated. ECF 1-1 at 9; see also Futch v. Warden, 3:17-cv-461 (N.D. Ind. filed June 15, 2017). Because finding that he was deprived of procedural due process as alleged would inherently undermine the validity of his disciplinary hearing, he may not proceed on this claim against Officer Prait.

For these reasons, the court:

    (1) GRANTS Kenny Leroy Futch leave to proceed on a claim against Sergeant D. Waller and Sergeant Burton for money damages for use of excessive force on November 11, 2017, in violation of the Eighth Amendment;

    (2) DISMISSES Officer Prait;

    (3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sergeant D. Waller and Sergeant Burton at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sergeant D. Waller and Sergeant Burton respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Kenny Leroy Futch has been granted leave to proceed in this screening order.

SO ORDERED on September 17, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT